UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DENNIS RODRIGUEZ** and **FRANK INGRAM, II,** individually, and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>**UNITED PAINTING, INC.,**<br><br>　　　　　Defendant. | Case No.<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs **DENNIS RODRIGUEZ** and **FRANK INGRAM, II**, (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, **JTB LAW GROUP, LLC** and **ENGELMEYER & PEZZANI LLC**, hereby bring this Collective and Class Action Complaint against Defendant, **UNITED PAINTING, INC**., (hereinafter referred to as "Defendant"), allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.　　Plaintiffs bring this action to recover monetary damages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and the Missouri Minimum Wage Law ("MMWL"), V.A.M.S. § 290.500 *et seq.*

2.　　Defendant employed Plaintiffs as Commercial Painters. The principal job duty of

a Commercial Painter is to apply paint to various surfaces in commercial buildings.

3. Commercial Painters were paid a combination of piece rate and hourly rate for work performed in a workweek.

4. Defendant compensated Commercial Painters for some hours in excess of forty in a workweek ("overtime hours") with a piece rate.

5. Defendant compensated Commercial Painters for other overtime hours at one and a half (1.5) times their hourly rate.

6. Defendant violated the FLSA in three ways:

   a. Defendant's use of a piece rate to compensate some of Commercial Painters' overtime hours did not satisfy its obligation to pay Commercial Painters an hourly overtime rate of one and a half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek as required by the FLSA overtime requirement pursuant to 29 U.S.C. § 207(a)(1);

   b. Defendant failed to include the piece rate payments paid to Commercial Painters in determining their regular rates of pay in each workweek, for purposes of calculating overtime pay pursuant to 29 U.S.C. § 207(e); and

   c. Defendant failed to compensate Commercial Painters for time spent traveling between job sites during normal work hours.

7. The Missouri Legislature has provided that the MMWL "shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, *et seq.*, as amended, and any regulations promulgated thereunder." Mo. Rev. Stat. § 290.505(4).

8. In addition to their individual FLSA and MMWL claims, Plaintiffs also bring this collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 on behalf of all Commercial Painters employed by Defendant in the applicable time period, and seek unpaid overtime, and contractually-owed wages, in addition to liquidated damages, attorneys' fees and costs, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq*.

10. The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts.

11. This Court has personal jurisdiction over Defendant because it is incorporated in Missouri and the principal place of business maintained by Defendant is located in the State of Missouri.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiffs in this district and because a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

### Defendant

13. Defendant is headquartered in Hazelwood, Missouri with a principal business address located at 5434 Eagle Industrial Court, Hazelwood, Missouri 63042.

14. Defendant employs a staff of Commercial Painters, including Plaintiffs to paint commercial buildings, universities, and residential apartments.

### Plaintiff – Dennis Rodriguez

15. Plaintiff Dennis Rodriguez is a resident of Missouri, and signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

16. Defendant employed Plaintiff Rodriguez as a Commercial Painter from approximately August 2014 to October 2017.

17. Plaintiff Rodriguez mainly worked in and around surrounding areas of St. Louis, Missouri throughout his employment by Defendant.

18. Plaintiff Rodriguez's job duties as a Commercial Painter included applying paint to various surfaces, completing touchups, and engaging in large painting projects for commercial buildings, apartment complexes and university campuses.

**Plaintiff – Frank Ingram, II**

19. Plaintiff Frank Ingram, II, is a resident of Illinois, and signed a consent form to join this lawsuit, which is attached as *Exhibit B*.

20. Defendant employed Plaintiff Ingram as a Commercial Painter from approximately July 2016 to September 2017.

21. Plaintiff Ingram mainly worked in and around surrounding areas of St. Louis, Missouri throughout his employment by Defendant.

22. Plaintiff Ingram's job duties as a Commercial Painter included applying paint to various surfaces, completing touchups, and engaging in large painting projects for commercial buildings, apartment complexes and university campuses.

## FACTUAL ALLEGATIONS

23. Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

24. Plaintiff Dennis Rodriguez was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

25. Plaintiff Frank Ingram, II was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

26. Defendant was and continues to be "an enterprise engaged in commerce" within

4

the meaning of the FLSA.

27. Defendant's annual gross revenues were in excess of $500,000.00 per annum.

28. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

29. Defendant "suffered or permitted" Plaintiffs and other commercial painters to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

**Plaintiffs' Employment**

30. Defendant employed Commercial Painters as non-exempt hourly-paid employees.

31. As Commercial Painters, Plaintiffs received paystubs from United Painting, Inc.

32. Defendants used a telephone application to assign Plaintiffs assignments to complete.

33. Assignments varied in length, some were completed in a few hours, while other assignments took multiple days to complete.

34. Defendant paid their Commercial Painters using a combination of piece rate and hourly rate compensation.

35. The calculation of payment varied depending on the assignment.

36. The promised calculation of payment would sometimes differ from the actual calculation method of payment.

37. Defendant paid Commercial Painters an hourly rate to complete some assignments.

38. For other assignments, Commercial Painters were paid a fixed fee, also known as a piece rate, to complete the assignment.

39. There were some assignments Commercial Painters were told they would receive

a piece rate but instead were paid an hourly rate.

40. This retroactive change resulted in Commercial Painters making less money on that assignment.

41. Commercial Painters regularly worked over forty (40) hours in a workweek.

42. Defendant paid a higher piece rate on weekends then weekdays.

43. The weekend piece rate was less than one and a half times the piece rate paid on weekdays.

44. Defendant did not pay any additional overtime premium pay for piece rate assignments performed Monday through Friday and during hours in excess of forty (40) in a workweek.

45. Defendant's use of a piece rate to compensate some of Commercial Painters' overtime hours did not satisfy its obligation to pay them as required by the FLSA overtime requirement pursuant to 29 U.S.C. § 207(a)(1).

46. Defendant also failed to include the piece rate payments paid to Commercial Painters in determining their regular rates of pay in each workweek, for purposes of calculating overtime pay pursuant to 29 U.S.C. § 207(e).

47. Instead, Defendant compensated Commercial Painters for some overtime hours at one and a half (1.5) times their hourly rate without determining their regular rate of pay.

48. Non-exempt employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek pursuant to 29 U.S.C. § 207(a)(1).

49. The term "regular rate" is defined by 29 U.S.C. § 207(e), which provides that an employee's regular rate shall be deemed to include ***all remuneration*** for employment paid to, or

6

on behalf of, the employee.

50. The amounts piece rate compensation was part of the total remuneration which should have been included in the determination of the regular rate of pay.

51. Furthermore, in addition to working more than forty (40) hours a week without proper compensation, Commercial Painters frequently had to travel in their personal vehicles during normal work hours as part of their job.

52. Commercial Painters were required to drive fifteen (15) miles to twenty (20) miles daily from one assigned work location to another during normal work hours.

53. Defendant did not pay for travel time.

54. Such travel time should be taken into account as work time and Commercial Painters are entitled to be paid for this travel time pursuant to 29 C.F.R. § 785.38.

55. Commercial Painters are owed compensation for the time they spent travelling between jobs sites each workweek.

56. As a result of the foregoing policies, there were many weeks in which Commercial Painters were deprived of compensation for each hour worked in excess of forty (40) calculated at time-and-a-half (1.5) of their regular rates of pay.

57. As a result of the foregoing policies, there were many weeks in which Commercial Painters were deprived of their full overtime pay by failing to properly compute the regular rate of pay.

58. None of the exemptions to the FLSA's overtime requirements apply to either Plaintiff. 29 U.S.C. § 213.

59. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative

regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

60. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs proper overtime compensation and travel time. As set forth below, other prior and current Commercial Painters were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiffs re-allege and incorporate all previous paragraphs herein.

62. Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All Commercial Painters who worked for Defendant at any time within the period of three years prior to the commencement of this action and the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition as necessary.

63. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs in this matter under 29 U.S.C. § 216(b). Plaintiffs bring this collective action on behalf of the members of the FLSA Collective because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendant; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

64. Defendant's use of a piece rate to compensate some of FLSA Collective

members' overtime hours did not satisfy its obligation to pay an hourly overtime rate of one and a half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek as required by the FLSA overtime requirement pursuant to 29 U.S.C. § 207(a)(1).

65. Defendant failed to include the piece rate payments paid to FLSA Collective members in determining their regular rates of pay in each workweek, for purposes of calculating overtime pay pursuant to 29 U.S.C. § 207(e).

66. Defendant also failed to compensate members of the FLSA Collective time spent traveling during normal work hours as part of the job.

67. Defendant's failure to compensate Plaintiffs properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

68. Plaintiffs estimate the FLSA Collective will include approximately fifty members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

69. Defendant is aware that the FLSA applies to their business and they are required to adhere to the FLSA.

70. Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## RULE 23 CLASS ACTION ALLEGATIONS

71. Plaintiffs bring this action pursuant to Fed R. Civ. P. 23 and Mo. S. Ct. Rule 52.08 on their own behalf and on behalf of:

> *All Commercial Painters who worked for Defendant in Missouri at any time within the period of five years prior to the commencement of this action and the date of judgment.*

(hereinafter referred to as the "Rule 23 Class"). Plaintiffs reserve the right to amend this

9

definition as necessary.

72. Excluded from the proposed Rule 23 Class are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

73. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiffs reasonably estimate that there are at least fifty (50) Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

74. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

> a. Defendant's use of a piece rate to compensate some of the Rule 23 Class members' overtime hours did not satisfy its obligation to pay an hourly overtime rate of one and a half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek as required by the FLSA overtime requirement pursuant to MO Rev. Stat. 290.505;
>
> b. Defendant failed to include the piece rate payments paid to Rule 23 Class members in determining their regular rates of pay in each workweek, for purposes of calculating overtime pay pursuant to 29 U.S.C. § 207(e); and
>
> c. Defendant failed to compensate Rule 23 Class members for time spent traveling between job sites during normal work hours.

75. Plaintiffs' claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

76. Plaintiffs will fully and adequately protect the interests of the Rule 23 Class and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

77. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

78. This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

79. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

80. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**Individual Claim**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**

81. Plaintiffs re-allege and incorporate all previous paragraphs herein.

82. 29 U.S.C. § 207(a)(1) provides:

11

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(e) provides:

> "Regular Rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee.

29 C.F.R. § 785.38 provides:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked.

83.  Plaintiffs regularly worked in excess of forty (40) hours per workweek.

84.  Defendant failed to compensate Plaintiffs by failing to pay for some overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for hours worked in excess of forty (40) per workweek and some hours at a rate that did not include the piece rate payments in calculating the regular rate for hours worked in excess of forty (40) in a workweek as required by the FLSA.

85.  Defendant also failed to compensate Plaintiffs for time spent traveling between job sites during normal work hours.

86.  Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

87.  As a result of the foregoing, Plaintiffs were illegally denied proper compensation for travel time and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages,

reasonable attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## 29 U.S.C. § 216(b) Collective Action Claim
## <u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.</u>

88. Plaintiffs re-allege and incorporate all previous paragraphs herein.

89. FLSA Collective Members were not exempt from the protections of the FLSA.

90. FLSA Collective Members regularly worked in excess of forty (40) hours per workweek.

91. Defendant failed to pay FLSA Collective members some overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for hours worked in excess of forty (40) per workweek and failed to include the piece rate payments paid to FLSA Collective members in determining their regular rates of pay in each workweek, for purposes of calculating overtime pay, including time spent traveling between job sites during normal work hours as required by the FLSA.

92. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

93. As a result of the foregoing, FLSA Collective Members were illegally denied proper compensation and overtime compensation earned at the premium rate, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

94. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees and costs.

### COUNT III
### MMWL, V.A.M.S. § 290.500 *et seq*., Individual Claim

95. Plaintiffs re-allege and incorporate all previous paragraphs herein.

96. Defendant employed Plaintiffs within the meaning of the MMWL.

97. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

98. Defendant failed to pay Plaintiffs for all hours worked in excess of forty (40) hours in a workweek, including travel time, in violation of the MMWL.

99. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

100. As a result of the foregoing, Plaintiffs were illegally denied proper overtime compensation and travel time earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees and costs and other compensation pursuant to MMWL.

### COUNT IV
### Fed R. Civ. P. 23 Class Action
### Violations of MMWL, V.A.M.S. § 290.500 et seq.

101. Plaintiffs re-allege and incorporate all previous paragraphs herein.

102. Defendant employed Rule 23 Class Members within the meaning of the MMWL.

103. Rule 23 Class Members regularly worked in excess of forty (40) hours per workweek.

104. Defendants failed to pay Rule 23 Class Members for all hours worked in excess of forty (40) hours in a workweek, including travel time, in violation of the MMWL.

105. Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

106. As a result of the foregoing, Rule 23 Class Members were illegally denied proper

overtime compensation and travel time earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees and costs and other compensation pursuant to MMWL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs, Dennis Rodriguez and Frank Ingram, II, individually and on behalf of all other FLSA Collective and Class Members, respectfully requests that this Court grant the following relief:

  a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count II);

  b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Fed R. Civ. P. 23 with respect to Rule 23 Class Members claims set forth herein (Count IV);

  c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective and Rule 23 Class members, and permitting Plaintiffs to send notice of this action to all FLSA Collective and Class members, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

  d. Designating Plaintiffs as the representatives of the FLSA Collective and the Rule 23 Class undersigned counsel as counsel for the same;

  e. An order directing Defendant, at its expense, to investigate and account for the number of hours worked by Plaintiffs and all FLSA Collective and Class members who opt-in to this action;

  f. Granting judgment in favor of Plaintiffs and against Defendant and awarding Plaintiffs and the FLSA Collective and Class members the full amount of damages and liquidated damages available by law;

  g. A declaratory judgment that Defendant's pay practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, MMWL, V.A.M.S. § 290.500 *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

  h. Declaring Defendant violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

  i. An incentive award for Plaintiffs for serving as representatives of the FLSA

Collective and Class Action pursuant to the FLSA;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided by statute; and

k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, Dennis Rodriguez and Frank Ingram, II, individually and on behalf of all other FLSA Collective and Class Members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: January 12, 2018    By: /s/Anthony Pezzani
                               Anthony Pezzani (MO Bar No: 52900)
                               **Engelmeyer & Pezzani LLC**
                               13321 North Outer Forty Road, Suite 300
                               Chesterfield, MO 63017
                               T: +1 (636) 532-9933
                               F: +1 (314) 863-7793 (Fax)
                               tony@epfirm.com

                               *Local Counsel for Plaintiffs*

                               Alexander Imel
                               Jason T. Brown
                               **JTB LAW GROUP, LLC**
                               155 2nd St., Suite 4
                               Jersey City, NJ 07302
                               T: (877) 561-0000
                               F: (855) 582-5297
                               alec.imel@jtblawgroup.com
                               jtb@jtblawgroup.com

                               *Lead Counsel for Plaintiffs*